IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA JONES, ET AL.           :

                              :

    v.                        : Civil Action No. DKC 2007-1479

                              :

INDYMAC BANK, FSB, ET AL.     :

                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion for sanctions of Defendants IndyMac Bank, FSB and Mortgage Electronic Registration System, Inc.[1]  (Paper 14).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court will deny Defendants' motion.

The full history of this case and the numerous related cases is discussed in the previous Memorandum Opinion dismissing Plaintiffs' complaint on the basis of res judicata, as Plaintiffs' claims arose from the same core of operative facts as those in a previously dismissed case, *Jones v. IndyMac Bank, FSB*, No. 06-cv-2350-AW. (Paper 16.)

Defendants filed the instant motion for sanctions pursuant to Fed.R.Civ.P. 11 contending that Plaintiffs' filings were frivolous

---

[1] On July 11, 2008, the Office of Thrift Supervision closed Defendant IndyMac Bank, FSB and the Federal Deposit Insurance Corporation was named as conservator. Deposits and assets were transferred to IndyMac Federal Bank, FSB, the assuming institution.

and filed with an improper purpose. Plaintiffs have had an opportunity to respond. (Paper 18). Rule 11(b) provides, in part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

"The decision to impose sanctions under Rule 11 . . . is within the sound discretion of the trial court." *See, e.g.*, *Ost-West-Handel Bruno Bischoff GMBH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998). Although a *pro se* complaint is held to less stringent standards than a complaint drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520 (1971), *pro se* parties are not excused from the requirements of Rule 11. Nevertheless, the court may take

a party's *pro se* status into account when considering Rule 11 sanctions. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

It is indisputable that Plaintiffs' frequent and often nonsensical filings have needlessly extended the duration of their meritless suits, wasting the time and resources of the court and the opposing parties. Plaintiffs have made little attempt to comply with court rules and their habit of initiating multiple cases on nearly identical grounds suggests that they are attempting artfully to elude the court's dismissal orders. Plaintiffs' arguments have rested on "faulty premises, and rel[ied] on fanciful legal theories." (*Jones v. EMC Mortgage Co.*, No. 06-cv-3038-DKC, paper 22, at 2). Indeed, even in their Response to Defendants' motion for sanctions, Plaintiffs misinterpret this court's previous ruling in *Jones v. EMC Mortgage Co.*, No. 06-cv-3038-DKC as dismissed without prejudice, and contest the fact that their amended complaint was received by this court on September 5, 2007, despite the date stamp on the document and the corresponding entry in the docket, the official court record.[2] (*See* paper 8).

---

[2] Although the date inserted by Plaintiffs on the certificate of service is August 5th, 2007, that date is not the official filing date. (Paper 8, at 40). In any event, the veracity of the August 5th date is in serious doubt, as the attachments to the amended complaint reflect later dates. (*See* paper 8, ex. A, at 1 "Time of Request: Saturday, August 25, 2007;" ex. B, at 1 "Time of Request: Sunday, September 2, 2007;" ex. C, at 1 "Time of Request: Tuesday, August 28, 2007;" ex. D, at 1 "Time of Request: Wednesday, August
(continued...)

Nevertheless, Defendants have not presented any evidence that Plaintiffs' papers were brought for improper or harassing purposes. Nor have Defendants shown vexatiousness or bad faith by Plaintiffs. While Plaintiffs' arguments have not been legally sound, they reflect a genuine, albeit misplaced and desperate, attempt to rescue their assets from foreclosure.   However, now that Plaintiffs' complaints have been dismissed, they must accept the court's judgments once and for all.   Although the court will not impose sanctions at this time, Plaintiffs are emphatically warned that the court will no longer accept or entertain documents, motions, letters, or other materials regarding the mortgages Plaintiffs have referenced in any court proceedings.   The injunction entered by Judge Williams remains in full force. Despite that injunction and the fact that this case has been dismissed, Plaintiffs recently sent to the clerk an "Affidavit of Original Issue."  The paper is, again, nonsensical and an abuse of the judicial system.  The clerk is directed to return the papers to Plaintiffs.

A separate Order will follow.

            _____/s/_____
            DEBORAH K. CHASANOW
            United States District Judge

---

$^{2}$(...continued)
29, 2007;" ex. E, at 1 "Time of Request: Saturday, August 25, 2007").